# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2135V
UNPUBLISHED

|  |  |
|---|---|
| DEBBIE L. ARETZ, as Personal Representative of the ESTATE OF SALLY JO BENNETT DECEASED,<br><br>                                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                                  Respondent. | Chief Special Master Corcoran<br><br>Filed: March 16, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Gary A. Butler*, Massa, Butler, Giglione, Pittsburgh, PA, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On November 5, 2021, Debbie L. Aretz, as Personal Representative of the Estate of Sally Jo Bennett, deceased, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Ms. Bennett, suffered Guillain-Barré Syndrome ("GBS") which meets the Table definition for GBS or, in the alternative, was caused-in-fact by the influenza ("flu") vaccine she received on October 4, 2019. Petition at 1, ¶¶ 2, 10, 12-13, 44. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 18, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Ms. Bennett's GBS injury. On March 16, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $380,500.00, representing compensation in the amounts of $250,000.00 for the Vaccine Act's death benefit, $127,500.00 for pain and suffering, and $3,000.00 for lost wages. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $380,500.00, representing compensation in the amounts of $250,000.00 for the Vaccine Act's death benefit, $127,500.00 for pain and suffering, and $3,000.00 for lost wages in the form of a check payable to Debbie L. Aretz, as Personal Representative of the Estate of Sally Jo Bennett, desceased.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBBIE L. ARETZ, as Personal Representative of the ESTATE OF SALLY JO BENNETT, deceased,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | No. 21-2135V **(ECF)**<br>Chief Special Master Corcoran |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.      Procedural History**

On November 5, 2021, Debbie L. Aretz ("petitioner"), as personal representative of the estate of Sally Jo Bennett, filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza vaccine on October 4, 2019, Ms. Bennett suffered from Guillain-Barre Syndrome ("GBS") and death. *See* Petition. On January 17, 2023, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. On January 18, 2023, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## II.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner, as personal representative of the estate of Sally Jo Bennett, should be awarded a lump sum of **$380,500.00,** for all damages, including $250,000.00 representative of the death benefit, $127,500.00 representative of pain and suffering, and $3,000.00 representative of lost wages. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III.    Form of the Award

Respondent recommends that the compensation provided to petitioner, as personal representative of the estate of Sally Jo Bennett, should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$380,500.00** in the form of a check payable to petitioner, as personal representative of the estate of Sally Jo Bennett.[2] Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent reserve the right to move the Court for appropriate relief.

                                  ALEXIS B. BABCOCK
                                  Assistant Director
                                  Torts Branch, Civil Division

                                  <u>/s/ Kyle E. Pozza</u>
                                  KYLE E. POZZA
                                  Trial Attorney
                                  Torts Branch, Civil Division
                                  U.S. Department of Justice
                                  P.O. Box 146 Benjamin Franklin Station
                                  Washington D.C. 20044-0146
                                  Tel: (202) 616-3661
Dated:  March 16, 2023                E-mail:  Kyle.Pozza@usdoj.gov