# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 21-2135V

|  |  |
|---|---|
| DEBBIE L. ARETZ, as Personal Representative of the ESTATE OF SALLY JO BENNETT DECEASED,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: November 15, 2023 |

*Gary A. Butler, Massa, Butler, Giglione, Pittsburgh, PA*, for Petitioner.

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 5, 2021, Debbie L. Aretz, as Personal Representative of the Estate of Sally Jo Bennett, deceased, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Ms. Bennett suffered Guillain-Barré syndrome due to an influenza vaccine she received on October 4, 2019. Petition, ECF No. 1. On March 16,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $40,353.37 (representing $37,128.30 in fees plus $3,225.07 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Sept. 1, 2023, ECF No. 38. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 38-3.

Respondent reacted to the fees request on Sept. 5, 2023, reporting that Petitioner's motion seeks $2,500.00 in costs to establish the Estate of Sally Jo Bennett but questioning whether this expense was reasonable and necessary, reporting that the documentation for this expense does not delineate how time was incurred in establishing the estate. ECF No. 39 at 1-2. Respondent is otherwise satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, however, deferring resolution of the amount to be awarded to my discretion. *Id.* at 2.

On Sept. 7, 2023, Petitioner filed a reply with additional documentation to substantiate the estate costs requested herein. ECF No. 40. As noted in the reply and subsequent invoices, Petitioner now seeks a total of $2,022.25 in costs related to establishing the Estate, thereby reducing the total amount of litigation costs to be recovered by $477.75. *Id.* at 2.

The attorney rates and time requested in this matter are reasonable, and so the only possibly-contested issue is the propriety of the estate-related costs. As has been noted in prior Program decisions, "[s]pecial masters generally award the reasonable costs of establishing an estate and appointing a representative," but not costs which are excessive or related to the subsequent administration of the estate. *Fulling v. Sec'y of Health & Hum. Servs.,* No. 18-1549V, 2022 WL 3023505, at *3 (Fed. Cl. Spec. Mstr. July 11, 2022); *accord. Durand v. Sec'y of Health & Hum. Servs.,* No. 15-1153V, 2020 WL 639372, at *6-7 (Fed. Cl. Spec. Mstr. Jan. 16, 2020). I have reviewed the billing records submitted with Petitioner's request and find them to be reasonable. Thus, I hereby grant Petitioner's request for reimbursement of costs in the amount of $2,022.25 related to establishing the Estate of Sally Jo Bennett.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$39,875.62 (representing $37,128.30 in fees plus $2,747.32 in costs) as a lump sum in the form of a check jointly payable to**

**Petitioner and Petitioner's counsel, Gary A. Butler.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.